# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| ) | |
| SECURITIES AND EXCHANGE ) | |
| COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:07-CV-01397 (RWR) |
| ) | |
| v.                           ) | |
| ) | |
| ) | |
| CAROLE ARGO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT CAROLE D. ARGO'S ANSWER**

**<u>ANSWERS TO ALLEGATIONS CONTAINED IN THE COMPLAINT</u>**

Defendant Carole D. Argo ("Argo"), by and through her counsel of record, hereby answers or otherwise responds to the Security and Exchange Commission's ("Commission") Complaint as follows.  As to any allegation not specifically admitted, Argo asserts her Fifth Amendment privilege against self-incrimination under the United States Constitution as she was indicted by the United States Attorney's Office for the Southern District of New York on July 25, 2007 (07 Cr. 658).  As to any allegation specifically admitted that relates to another entity or person, Argo bases her answer on public information available to her through the date of this Answer.

## SUMMARY OF ALLEGATIONS[1]

1.      Argo admits that at various times she was the President, Chief Operating Officer and Chief Financial Officer of SafeNet, Inc. ("SafeNet").  With respect to the allegations in Paragraph 1 that set forth legal conclusions, no response is required.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

2.      With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

3.      With respect to the allegations in Paragraph 3 that set forth legal conclusions, no response is required.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

4.      With respect to the allegations in Paragraph 4 that set forth legal conclusions, no response is required.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

5.      With respect to the allegations in Paragraph 5 that set forth legal conclusions, no response is required.  With respect to the other allegations contained in

---

[1]      The headings in this answer are taken from the headings in the Commission's Complaint and are repeated for ease of reference only.  They are not intended as an admission of any kind, and to the extent that they contain allegations requiring a response, they are expressly denied.

this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

6.      With respect to the allegations in Paragraph 6 that set forth legal conclusions, no response is required.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

## THE DEFENDANT

7.      Argo admits the allegations contained in the first, second, third and fourth sentences of Paragraph 7.  Argo admits that prior to joining SafeNet, she held the title of Chief Financial Officer at a public company, and prior to that she served as vice president of finance and operations and controller at a privately held company.  Argo admits that she was a Certified Public Accountant, worked for seven years at companies that provided public accounting services and served for some period as an audit manager at a Big Four accounting firm.

## SAFENET, INC.

8.      Argo admits the allegations contained in Paragraph 8.

## FACTS

**A.      Accounting for Options Under Generally Accepted Accounting Principles**

9.      With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

10.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

11.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**B.      SafeNet's Option Granting Process**

12.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

13.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

14.     With respect to the allegations contained in Paragraph 14, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

15.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

16.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

17.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

18.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

19.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

20.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**C.    Argo Directed the Backdating**

21.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

22.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

23.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

24.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

25.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

26.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

27.     With respect to the allegations contained in Paragraph 27, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

28.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

29.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**D.**    **Argo Benefited from the Backdating Scheme**

30.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

31.    Argo admits that in 2004 and 2005 she exercised 18,500 options and that she did not sell these shares during the period addressed in the Complaint.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

32.    Argo admits that she received approximately $650,000 in cash bonuses. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

33.    Argo admits that she sold 30,000 SafeNet shares in December 2004 for $36.00 a share.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**E.**    **Specific Examples of Backdated Options**

34.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 1.  The October 1, 2001 Grant

35.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

36.    Argo admits that SafeNet's closing stock price on October 1, 2001 was $5.85, and that the closing stock price on October 25, 2001 was $9.85.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

37.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

38.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

39.    With respect to the allegations contained in Paragraph 39, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

40.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

41.     Argo admits that SafeNet's closing stock price on January 4, 2002 was $18.65 per share.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

42.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

43.     Argo admits that SafeNet's closing stock price on January 4, 2002 was $18.65 per share, and that the closing stock price on October 1, 2001 was $5.85.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

44.     With respect to the allegations contained in Paragraph 44, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

45.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

## 2. The October 8, 2002 Grant

46.     Argo admits that the closing price for SafeNet's stock on October 8, 2002 was $13.75, and that the closing stock price on October 24, 2002 was $18.75.  With

respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

47.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 3.  The February 27, 2003 Grant

48.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

49.      With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

50.     With respect to the allegations contained in Paragraph 50, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

51.     Argo admits that the closing price for SafeNet's stock on February 27, 2003 was $16.47.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

52.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

53.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

54.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

55.    Argo admits that the closing price for SafeNet's stock on February 27, 2003 was $16.47.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

56.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**4.  The May 1, 2003 Grant**

57.    With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

58.    Argo admits that the closing price for SafeNet's stock on May 1, 2003 was $23.84.  With respect to the other allegations contained in this paragraph, upon advice of

counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

59.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

60.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

61.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

62.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

63.     With respect to the allegations contained in Paragraph 63, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

64.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

65.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 5.  The July 17, 2003 Grant

66.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

67.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

68.     Argo admits that the closing price for SafeNet's stock on July 17, 2003 was 31.35, and that the closing price on September 16, 2003 was $38.85.  With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

69.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**F.**     **SafeNet's Materially False and Misleading Statements and Disclosures**

### 1.     SafeNet's Materially False and Misleading Statements of Forms 10-Q and 10-K

70.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

71.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

72.     With respect to the allegations contained in Paragraph 72, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

73.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

74.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 2.     SafeNet's Materially False and Misleading Proxy-Statements

75.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

76.     With respect to the allegations contained in Paragraph 76, Argo refers to the documents referenced therein for a complete and accurate statement of their contents. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 3. Argo's Materially False and Misleading Statements to SafeNet's Independent Auditors

77.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### 4. SafeNet's Books and Records and Internal Accounting Controls

78.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

79.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### G. Argo Failed to File Section 16 Ownership Reports

80.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

81.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### FIRST CLAIM
### Violations of the Securities Act Section 17(a)

82.     Argo incorporates her responses to Paragraphs 1 through 81 as though fully set forth herein.

83.     Paragraph 83 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

84.     Paragraph 84 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

## SECOND CLAIM
### Violation of Exchange Act Section 10(b) and Exchange Act Rule 10b-5 Thereunder

85.     Argo incorporates her responses to Paragraphs 1 through 84 as though fully set forth herein.

86.     Paragraph 86 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

87.     Paragraph 87 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### THIRD CLAIM
### Violation of Exchange Act Section 14(a) and
### Exchange Act Rule 14a-9 Thereunder

88.     Argo incorporates her responses to Paragraphs 1 through 87 as though fully set forth herein.

89.     Paragraph 89 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

90.     Paragraph 90 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### FOURTH CLAIM
### Violation of Exchange Act Section 13(b)(5) and Exchange Act Rule 13b2-1

91.     Argo incorporates her responses to Paragraphs 1 through 90 as though fully set forth herein.

92.     Paragraph 92 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

93.     Paragraph 93 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel,

Argo asserts her privilege against self-incrimination as guaranteed by the Fifth

Amendment of the United States Constitution.

94.    Paragraph 94 states legal conclusions as to which no response is required.

With respect to the other allegations contained in this paragraph, upon advice of counsel,

Argo asserts her privilege against self-incrimination as guaranteed by the Fifth

Amendment of the United States Constitution.

## FIFTH CLAIM
### Violation of Exchange Act Rule 13b2-2

95.    Argo incorporates her responses to Paragraphs 1 through 94 as though

fully set forth herein.

96.    Paragraph 96 states legal conclusions as to which no response is required.

With respect to the other allegations contained in this paragraph, upon advice of counsel,

Argo asserts her privilege against self-incrimination as guaranteed by the Fifth

Amendment of the United States Constitution.

97.    Paragraph 97 states legal conclusions as to which no response is required.

With respect to the other allegations contained in this paragraph, upon advice of counsel,

Argo asserts her privilege against self-incrimination as guaranteed by the Fifth

Amendment of the United States Constitution.

## SIXTH CLAIM
### Violation of Exchange Act Rule 13a-14

98.    Argo incorporates her responses to Paragraphs 1 through 97 as though

fully set forth herein.

99.     Paragraph 99 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

100.     Paragraph 100 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

### SEVENTH CLAIM
### Violation of Exchange Act Section 16(a) and Rule 16a-3 Thereunder

101.     Argo incorporates her responses to Paragraphs 1 through 100 as though fully set forth herein.

102.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

103.     Paragraph 103 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

104.     Paragraph 104 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**EIGHTH CLAIM**
**Aiding and Abetting SafeNet's Violations of Exchange Act Section 13(a) and Exchange Act Rules 12b-20, 13a-1 and 13a-13 Thereunder**

105.     Argo incorporates her responses to Paragraphs 1 through 104 as though fully set forth herein.

106.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

107.     Paragraph 107 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

108.     Paragraph 108 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

**NINTH CLAIM**
**Aiding and Abetting SafeNet's**
**Violations of Exchange Act Section 13(b)(2)(A) and 13(b)(2)(B)**

109.     Argo incorporates her responses to Paragraphs 1 through 108 as though fully set forth herein.

110.     With respect to the allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

111.    Paragraph 111 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

112.    Paragraph 112 states legal conclusions as to which no response is required. With respect to the other allegations contained in this paragraph, upon advice of counsel, Argo asserts her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution.

## PRAYER FOR RELIEF

Argo denies that Plaintiff is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint.  To the extent Plaintiff's prayer for relief states legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

Ms. Argo alleges the following legal affirmative defenses to the allegations set forth in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's choice of venue is inconvenient for the Defendant and the witnesses, and pursuant to 28 U.S.C. § 1404(a) and in the interests of justice, the Court should transfer this action to the District of Maryland, Northern Division, where it might have been brought.

By alleging the matters set forth in these defenses, Ms. Argo does not allege or admit that she has the burden of proof and/or persuasion with respect to any of these matters. Ms. Argo reserves her right to assert affirmative and/or other defenses in the event that discovery indicates that they would be appropriate. Ms. Argo also reserves her right to assert additional affirmative defenses, but does not do so at this time, on advice of counsel, as an exercise of her privilege against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution, in light of the indictment filed against her in the United States District Court for Southern District of New York.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Ms. Argo hereby requests a trial by jury on all aspects of this case so triable.

WHEREFORE, Argo having fully answered the Complaint, prays that the Court:

1. Dismiss the Complaint with prejudice.

2. Enter judgment in favor of Argo and an Order that Plaintiff shall recover nothing.

3. Award Argo the costs incurred to defend this action including reasonable attorneys' fees.

DATED:  August 21, 2007

Respectfully submitted,

   _/s/_ Jeannie Rhee
Jeannie Rhee
D.C. Bar No. 464127
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Jeannie.rhee@wilmerhale.com
Attorney for Defendant Carole Argo

## CERTIFICATE OF SERVICE

I, Jeannie S. Rhee, hereby certify that on this 21st day of August, 2007, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which should send notification of such filing to the following e-mail addresses.  In addition, I hereby certify that I have served the foregoing by first class U.S. mail to the extent the following attorneys of record have not yet registered for CM/ECF.


Jeffrey Infelise
Antonia Chion
Yuri B. Zelinsky
Michael A. Ungar
Alton O. Turner
InfeliseJ@sec.gov
ChionA@sec.gov
ZelinskyY@sec.gov
UngarM@sec.gov
Turneral@sec.gov
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4030

Attorneys for Plaintiff
Securities and Exchange Commission




     /s/ Jeannie S. Rhee

Jeannie Rhee
D.C. Bar No. 464127
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Jeannie.rhee@wilmerhale.com
Attorney for Defendant Carole Argo