UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. 07-1397 (RWR) |
| CAROLE ARGO, | ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order dated January 28, 2008, plaintiff, the Securities and Exchange Commission ("the Commission"), and defendant, Carole Argo ("Argo"), hereby submit this Joint Report.

On January 28, 2008, the Hon. Jed S. Rakoff, United States District Judge, in the Southern District of New York, sentenced Ms. Argo to 6 months in prison to be followed by 3 years supervised release and a $1,000,000 fine, to be paid as a portion of income as described in the attached judgment. Ms. Argo decided to voluntarily report early and is currently serving her sentence. She pled guilty on October 5, 2007, to securities fraud arising out of the same backdating that forms the basis of the Commission's suit.

Negotiations for a settlement between the Commission and Ms. Argo are ongoing. On February 15, 2008, counsel for Ms. Argo presented certain of her views on settlement in light of her criminal sentence, fine and prior settlement with SafeNet, which is made up of two agreements in which she repriced and cancelled options and paid cash to the company. The presentation was also in response to the Commission Staff's January 18, 2008 proposal and

request for information about her settlement with SafeNet. The Staff is still considering her position.

      Given the ongoing negotiations, the parties propose that they submit a joint status report to the Court on March 28, 2008, 30 days from submission of this report.

Respectfully submitted,

/s/ Matthew Holmwood
Matthew Holmwood (D.C. Bar #491685)
Elizabeth Weller (D.C. Bar #502005)
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel. (202) 663-6000
Fax (202) 663-6363
matthew.holmwood@wilmerhale.com

Attorneys for Defendant

/s/ Jeffrey T. Infelise
Jeffrey T. Infelise (D.C. Bar #456998)
Antonia Chion
Yuri B. Zelinsky
Michael A. Ungar
Alton O. Turner
Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549-4030
Tel. (202) 551-4904
Fax (202) 772-9362
infelisej@sec.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Case No. 07-1397 (RWR) |
| CAROLE ARGO, | ) ) ) | |
| Defendant. | ) ) | |

**PROPOSED ORDER**

It is hereby ORDERED that the parties shall file a joint status report by March 28, 2008 reflecting the status of settlement negotiations.

**SO ORDERED.**


SIGNED this _____ day of _____, 2008.

_____
**HON. RICHARD W. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CAROLE ARGO | Case Number:   1:07CR0683-01 (JSR) |
| | USM Number:   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 |
| | **Paul Engelmayer, Esq.** |
| | Defendant's Attorney |

**THE DEFENDANT:**

**X** pleaded guilty to count(s)   **2**

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 15 U.S.C. 78j(b) and 78ff; 17 CFR 240.10b05; and 18 U.S.C. 2 | Securities Fraud | 2006 | 2 |

  The defendant is sentenced as provided in pages 2 through   **6**   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

**X** Count(s)   **ALL OPEN COUNTS**   ☐ is   **X** are   dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 28, 2008
Date of Imposition of Judgment

_/s/ Jed S. Rakoff_
Signature of Judge

Hon. Jed S. Rakoff, U.S.D.J.
Name and Title of Judge

1/29/08
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-29-08

AO 245B   (Rev. 06/05) Judgment in Criminal Case
         Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:      CAROLE ARGO
CASE NUMBER:    1:07CR0683-01 (JSR)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   **Six (6) months**

X   The court makes the following recommendations to the Bureau of Prisons:
    **The Court recommends that the defendant be incarcerated at FPC Alderson in West Virginia**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

X   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X   before 2 p.m. on   **March 25, 2008** .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: CAROLE ARGO
CASE NUMBER: 1:07CR0683-01 (JSR)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   **Three (3) years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**X**   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

**X**   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

**X**   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CAROLE ARGO
CASE NUMBER: 1:07CR0683-01 (JSR)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to pay a fine of $1,000,000.00. The fine is to be paid at a rate of 15% of the defendant's gross monthly income beginning in the second month of supervised release. If there is any outstanding balance at the end of supervised release, the defendant is to enter into a confession of judgment with the United States Attorney's Office. The Court waives any interest payment on the fine during the three years of supervised release but should the defendant enter into a confession of judgment with the United States Attorney's Office at the end of the three years of supervised release, interest is to be paid on the outstanding balance and the interest rate will be the normal federal rate.

2. The defendant is to provide the probation officer with access to any requested financial information.

3. The defendant is to be supervised in the district of her residency.

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | CAROLE ARGO | |
| CASE NUMBER: | 1:07CR0683-01 (JSR) | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $1,000,000.00 | $ 0 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ _____ $0.00 | $ _____ $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

**X** The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  **X** the interest requirement is waived for the   **X** fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

  **SEE CONDITION NUMBER ONE ON PAGE FOUR.**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       CAROLE ARGO
CASE NUMBER:     1:07CR0683-01 (JSR)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ **100.00** due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  **X** F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X**  Special instructions regarding the payment of criminal monetary penalties:

**The special assessment of $100.00 is to be paid immediately. The fine of $1,000,000.00 is to be paid in accordance with the schedule set forth on page four.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Dated: February 27, 2008

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 27, 2008.


                                                     /s/ Jeffrey Infelise
                                                    Jeffrey Infelise